CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

**THARPE & HOWELL, LLP**
15250 Ventura Blvd., Ninth Floor
Sherman Oaks, California  91403
(818) 205-9955; (818) 205-9944 fax
E-Mail:  cmay@tharpe-howell.com
E-Mail:  abreuer@tharpe-howell.com

Attorneys for Defendant,
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| PANTEA GHAFFARI,<br><br>              Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC; and DOES 1 to 20,<br><br>              Defendants. | CASE NO.:<br><br>*(Orange County Superior Court Case No.: 30-2021-01236853-CU-PO-CJC)*<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**<br><br>Complaint Filed:  December 16, 2021 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant DOLLAR TREE STORES, INC., contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Orange, to the United States District Court, Central District of California – Southern Division.  The removal is based, specifically, on the following grounds.

///

///

///

///

- 1 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

**JURISDICTION AND VENUE ARE PROPER**

1.  This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c), 1391 and 1446.

**PLEADINGS, PROCESS AND ORDERS**

3.  On December 16, 2021, Plaintiff PANTEA GHAFFARI commenced the above-entitled civil action in the Superior Court for the County of Orange by filing a Complaint therein entitled *Pantea Ghaffari v. Dollar Tree Stores, Inc; DOES 1 to 20, Inclusive*, Case No. 30-2021-01236853-CU-PO-CJC.  True and correct copies of the following documents are attached hereto and incorporated herein by reference collectively as **Exhibit "A:"**

   a.  Summons;
   b.  Complaint;
   c.  Civil Case Cover Sheet; and
   d.  Alternative Dispute Resolution (ADR) Information Package.

4.   On December 27, 2021, the documents comprising **Exhibit "A"** were personally served on Dollar Tree Stores, Inc.'s agent for service of process.

5.  On January 21, 2022, Defendant DOLLAR TREE STORES, INC. filed its Answer to Plaintiff's Complaint, Demand for Jury Trial and Notice of Posting Jury Fees with the Orange County Superior court.  True and correct copies of Defendant DOLLAR TREE STORES, INC.'s Answer to Complaint, Demand for Trial by Jury and Notice of Posting Jury Fees are attached hereto as **Exhibit "B."**

///

6. On January 25, 2022, Defendant DOLLAR TREE STORES, INC. filed a Stipulation to Strike Count and Portion of Prayer from Plaintiff's Complaint, signed by the parties, and the Court signed the Order Striking Count and Portion of Prayer that same date. A true and correct copy of the Stipulation to Strike Count and Portion of Prayer from Plaintiff's Complaint and Order thereon filed with the Court on January 25, 2022 is attached hereto as **Exhibit "C."**

7. On February 22, 2022, Defendant DOLLAR TREE STORES, INC. filed a Stipulated Protective Order – Confidential Designation Only, signed by the parties, with the Orange County Superior Court. As of the date of this pleading, the Orange County Superior Court has not yet signed the Stipulated Protective Order. A true and correct copy of the Stipulated Protective Order – Confidential Designation Only is attached hereto as **Exhibit "D."**

8. The attached exhibits constitute all process, pleadings and orders served upon Defendant DOLLAR TREE STORES, INC. in this matter.

## DIVERSITY

**A.      Citizenship**

9. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

10. Plaintiff was, at the time of the filing of this action, and presently remains, domiciled in the State of California and is therefore a citizen of the State of California.

11. Defendant DOLLAR TREE STORES, INC. is a Virginia corporation, incorporated in Virginia with its principal place of business in the State of Virginia. Accordingly, DOLLAR TREE STORES, INC. is a citizen of the State of Virginia.

12. Therefore, complete diversity of citizenship exists as between Plaintiff and Defendant.

- 3 -
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)

### B.   Fictitious Does

13. Defendants DOES 1 to 20, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

14. Plaintiff's Complaint sets forth causes of action for negligence and premises liability. See, **Exhibit "A."** Plaintiff alleges that on December 8, 2021, Plaintiff was on the premises of Defendant's retail store for the purpose of purchasing goods. Plaintiff contends she tripped and fell "on dangerous merchandise items." Although Plaintiff was prohibited from stating a specific amount demanded in her Complaint, Defendant has been able to ascertain through "other paper" that the amount in controversy exceeds $75,000.00.[1]

15. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 376 (9th Cir. 1996); see, McPhail v. Deere and Company, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. See, Cal. Code Civ. Proc. § 425.10.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." McCraw v. Lyons, 863 F. Supp. 430, 434 (W.D. Ky. 1994); see also, Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

16. A defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e. proof of what the plaintiff is seeking to recover. McPhail, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." Meridian Secs. Ins. Co. v. Sadowski, 441 F.3d 540, 543 (7th Cir. 2006); see also, McPhail, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

17. Where an initial pleading is not removable, a notice of removal can be filed within 30 days after receipt of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is removable. 28 U.S.C. §1446(b)(3). The term "other paper" under 28 U.S.C. § 1446(b) refers to any document that is part and parcel of state court proceedings having their origin and existence by virtue of the state court processes.

18. Here, Defendant served Plaintiff with a Request for Statement of Damages, pursuant to California *Code of Civil Procedure*, Section 425.11, on January 26, 2022. On February 15, 2022, Plaintiff served her Statement of Damages, setting forth claimed damages in excess of $75,000.00. A true and correct copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit "E."**

19. Thus, the preponderance of the evidence shows that Plaintiff's specific damage claims exceed the $75,000.00 statutory minimum. Therefore, federal jurisdiction is proper.

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**TIMELINESS OF REMOVAL**

20. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt of the Statement of Damages served on February 15, 2022, which first indicated that the matter was removable. 28 U.S.C. §1446(b)(1). Further, the instant removal is made within one year of the filing of the Complaint. As noted above, Plaintiff filed her Complaint on December 16, 2021.

21. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

Dated: March 2, 2022

THARPE & HOWELL, LLP

By: _____
CHARLES D. MAY
ANDREA BREUER
Attorneys for Defendant,
DOLLAR TREE STORES, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| Daniel Hakhamzadeh, Esq.<br>SM LAW GROUP, APC<br>16130 Ventura Blvd., Suite 300<br>Encino, CA 91436<br>Tel: 818.855.5950<br>Fax: 818.666.2950<br>Email: Daniel@smlawca.com | Attorneys for Plaintiff,<br>PANTEA GHAFFARI |
|---|---|

5. a ___ **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b ___ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

   (1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) ___ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

  c   ___   **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d   ___   **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

  e   ___   **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.   I served the documents by the means described in item 5 on *(date):* See Below

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 3/2/22 | Bertha Munoz | *(signature)* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

## DECLARATION OF MESSENGER

___   **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):* See Below

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| _____ | _____ | _____ |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32596\Pleadings\FEDERAL\Removal.docx

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221